THE COMMISSIONERS OF PARKS AND BOULEVARDS OF THE CITY OF DETROIT v. HENRY MOESTA AND BERTHA MOESTA.

*Eminent domain—Constitutional law—Public necessity—Compensation.*

1. Under Act No. 388, Local Acts of 1889, which provides for condemnation proceedings by the commissioners of parks and boulevards of the city of Detroit, and that the jury impaneled therein "shall be sworn to ascertain and determine the necessity of taking the several parcels of land sought to be taken

for the purpose set forth in the petition, and, if taken, to determine and award to each person entitled thereto the proper compensation," etc., the question of the necessity for taking the property, including the public necessity for making the improvement, is as fully committed to the jury as is the question of compensation; citing *Grand Rapids v. Railroad Co.*, 58 Mich. 644.

2. The duty of a jury to pass upon the question of the public necessity for taking private property does not imply simply the solution of the question whether the property sought to be condemned will be useful in carrying out an alleged improvement previously determined upon, but also whether the improvement itself is a public necessity; citing *Grand Rapids v. Railroad Co.*, 58 Mich. 644, 646.

3. In order to justify a finding of public necessity, it must appear that the improvement is a convenience,—a benefit to the public of sufficient importance to warrant the public in incurring the expense of making it; citing *Paul v. Detroit*, 32 Mich. 119.

4. A land-owner whose property is taken for public use should be compensated for such loss as he is able to show, with reasonable certainty, he will suffer during the time his business is thereby necessarily interrupted; citing *Railroad Co. v. Weiden,* 70 Mich. 390, 395.

Appeal from recorder's court of Detroit. (Chambers, J.) Argued January 6, 1892. Decided April 8, 1892.

Respondents appeal from the determination of a jury in condemnation proceedings. Reversed, and a new trial ordered. The facts are stated in the opinion.

*William Look* and *H. F. Chipman,* for respondents.

*John J. Speed,* for petitioners.

MONTGOMERY, J. This is an appeal from the determination of a jury finding a necessity for taking certain land of the appellants for the purpose of widening a boulevard in the city of Detroit, and fixing the compensation therefor. Three questions are presented:

*First.* Whether the provisions of Act No. 388, Local

Acts of 1889, relating to the method of ascertaining the necessity to take lands for this purpose, are constitutional.

*Second.* Whether the instructions in the case properly left to the jury the question of necessity for taking the land for the improvement.

*Third.* Whether the trial judge gave the jury correct instructions as to the rule of damages.

1. The Constitution (article 18, § 2) provides that,—

"When private property is taken for the use or benefit of the public, the necessity for using such property, and the just compensation to be made therefor, * * * shall be ascertained by a jury."

Section 16 of the act in question provides that a petition may be filed by the commissioners, praying, among other things,—

"That a jury may be impaneled to ascertain and determine the necessity for the taking of such lands."

And in section 21 it is provided that—

"Such jurors shall be sworn to ascertain and determine the necessity of taking the several parcels of land sought to be taken for the purpose set forth in the petition, and, if taken, to determine and award to each person entitled thereto the proper compensation to be allowed for his or her interests in the land so taken."

If we have correctly understood appellants' contention, it is that, by the terms of the act, the jury are required to assume that the contemplated improvement is a public necessity, and that the only question left for their determination is whether the property sought to be taken is essential for use in carrying out the scheme already conclusively determined upon by the commissioners, and hence that the statute conflicts with the constitutional provision above quoted. We do not so read the statute. On the contrary, we think it very clear that, by the terms of the act, the question of necessity for taking the property, including the public necessity for making the improvement, is as fully committed to the

jury as is the question of compensation. A like objection to a similar statute was fully answered in *Grand Rapids v. Railroad Co.*, 58 Mich. 644.

2 It is contended, further, that the trial judge did not submit to the jury the question of whether it was necessary to take the appellants' land in such manner as to leave the jury to pass upon the question of whether a necessity existed for making the improvement itself,—that is, widening the boulevard,—but that the only question left to the jury to pass upon was whether the taking was necessary for the completion of the boulevard, as determined upon by the commissioners. The particular language complained of is the following:

"It appears that the right of way has been obtained from the adjoining owners, and a boulevard has been opened and worked a long distance north of any of the lands sought to be taken in this case, doubtless with the expectation that this portion of the road-way would be opened to the same width as that which is north of it, and the city has purchased the approach to the bridge 150 feet in width lying south of Jefferson avenue, probably with the expectation of making the same width for the boulevard lying north of Jefferson avenue. It is not necessary for you to consider the general question of whether it is desirable to have a boulevard, but only whether the boulevard, as laid out and opened, should now be widened to its full width at this point, by taking the pieces of land which are sought to be taken by the petition in this case.   *   *   *   I have explained to you what the word 'necessity' means. It does not mean that you cannot absolutely get along without it, but whether it is useful is the question, and whether it would be beneficial to have it opened for the purpose of completing the boulevard, and having a uniformity of road, etc."

We think these instructions open to the criticism passed upon them by the appellants. It is settled by our own adjudications that the jury must, in all cases, be permitted to pass upon the question of public necessity

for the taking of private property, and this does not imply simply the solution of the question whether the property sought will be useful in carrying out an alleged improvement previously determined upon, but also whether the improvement itself is a public necessity. As was said by Mr. Justice CAMPBELL, in *Grand Rapids v. Railroad Co.*, 58 Mich. 646:

"It has often happened that juries have been led or allowed to evade their own responsibility in passing on the necessity for the work itself. That is, as we have frequently pointed out, their most essential duty, because, if it is taken for granted the road is to be laid out, the position of the particular parcels on the line is fixed when the road is fixed. The object of the Constitution is to prevent all needless appropriations of private property, which are too often made for ends in which the public are in no strait, and for private fancy or emolument, rather than the general welfare." See, also, *Paul v. Detroit*, 32 Mich. 108, and cases cited.

The instructions in this case treat the question as though the widening of the boulevard up to the premises sought to be condemned was not only an accomplished fact, but an admitted public necessity, and submit to the jury the simple question of whether the taking of the property involved is necessary to make the boulevard of uniform width.

Complaint is also made of the definition of "public necessity" employed. The judge charged as follows:

"The term 'necessary' does not mean that it is indispensable or imperative, but only that it is convenient and useful, and, therefore, if you find that the improvement is useful, and a convenience and a benefit to the public sufficient to warrant the expense of making it, then you may find it necessary."

The jury must have understood this charge to mean that, in order to justify a finding of necessity, it must appear that the improvement was a convenience,—a benefit to the public of sufficient importance to warrant the

public in incurring the expense in making it. This would, under our decisions, constitute a public necessity. *Paul v. Detroit,* 32 Mich. 119.

3. Complaint is also made of the instructions relating to compensation to be awarded to the appellants. The court charged the jury that the appellants were entitled to compensation for the value of the land to be taken, for the diminution in value of the piece remaining, and was asked to charge that they were likewise entitled to recover for the loss of profits arising from the loss of business during the six or eight months while rebuilding. This was refused, and the court charged the jury as follows:

" You have to determine the value of the land to be taken, gentlemen; the diminution in value of the portion remaining; the entire value of his house; and if you think that the place is valuable as a place of business, and important from its location, etc., and that would increase the value of the land, your verdict will be determined upon that, and in the same way upon all the other testimony."

The constitutional provision entitling the owner of private property, taken for public use, to just compensation, has uniformly been construed to require full and adequate compensation. The rules to be applied in fixing the compensation are not necessarily the same as obtain in fixing damages in actions upon contracts. The correct rule of compensation in such cases is more nearly analogous to the remedy afforded in an action in tort in which property rights have been interfered with without the owner's assent. In such cases damages for the interruption of the owner's business are allowed. *Allison v. Chandler,* 11 Mich. 549.

In Massachusetts, where, in actions upon contract, damages for the interruption of business are not usually allowed, the rule is otherwise in condemnation proceed-

ings. In the case of *Patterson v. Boston*, 23 Pick. 425, it was held that an instruction that the jury might, among other items. of damage, allow the owner for the loss of earnings and profits in his business while it was necessarily suspended, was proper.

In the case of *G. R. & I. R. R. Co. v. Weiden*, 70 Mich. at page. 295, a condemnation case, it was said:

"Apart from the money value of the property itself, they [the owners] were entitled to be compensated so as to lose nothing by the interruption of their business and its damage by the change. A business stand is of some value to the owner of the business, whether he owns the fee of the land or not, and the diminution of business facilities may lead to serious results. There may be cases where the loss of a particular location may destroy business altogether, for want of access to any other that is suitable for it. Whatever damages is suffered must be compensated. Appellants are not legally bound to suffer for petitioner's benefit. Petitioner can only be authorized to oust them from their possessions by making up to them the whole of their losses."

In the present case appellants should have been permitted to recover for such loss occasioned by the interruption of their business as they were able to show, with reasonable certainty, will occur during the time it will necessarily be interrupted.

For the errors pointed out the judgment will be reversed, and a new trial ordered.

The other Justices concurred.