## UNITED STATES OF AMERICA

### *v.*

## LORRIN A. THURSTON *et al.*

### June 6, 1912.

1. *Eminent Domain—"Just compensation":* The rule established by the precedents of the Supreme Court of the United States in regard to compensation to be made for the taking of private property for public uses under the law of eminent domain is, that the "just compensation" required by the Constitution is, limited to an equivalent for the property taken.

2. *Same—Same—Movable Fixtures:* Such rule taken to include damages resulting from the necessary removal of movable fixtures from the property taken, but not the expense of such removal.

*Eminent Domain:* On objection to testimony.

*R. W. Breckons,* U. S. District Attorney, and *C. C. Bitting,* Assistant U. S. Attorney, for the objection.

*M. F. Prosser* for the testimony.

DOLE, J. A question arose as to the introduction of testimony on the following points: To show damages for depreciation of fixtures by removal; damages for cost of removal of property on the premises; and damages for loss of business and profits in consequence of removal from the premises.

[1] The most pronounced opinion in the decisions of the Supreme Court of the United States, in regard to damages or compensation for anything outside of the market value of the property taken, is in the *Monongahela Case,* 148 U. S. 312, 326. The decision in this case is based on its construction of the Fifth Amendment, referring to the clause relating to the taking of private property for public purposes. It says: "And this just compensation, it will be noticed, is for the property, and not to the owner. Every other clause in this Fifth Amendment is personal. 'No person shall be held to answer for a capital or otherwise infamous crime,' etc. Instead of continuing that form of statement, and saying that no person shall be deprived of his property without just compensation, the personal element is left out, and the 'just compensation' is to be a full equivalent for the property taken."

The case of *Shoemaker v. United States,* 147 U. S. 282, 321, lays down the rule that an owner who has suffered inconveniences by delay in connection with the proceedings under eminent domain, is presumed to compensated therefor by the jury in fixing the amount of the award. This conclusion does not appear to be consistent with the rule referred to in the *Monongahela* case, the reasoning in which is that because previous sentences used the word "persons", the following sentence relating to the taking of property for public use must be considered as having no reference to persons but merely to the property taken, because the word "persons" does not appear. If persons are not meant, what becomes of the "just compensation" referred to in the sentence? It seems to me that the language does not require

such a construction, and that the statement of principles in the *Monongahela* case would require a more liberal interpretation, if that is practicable. One of such statements in the early part of the decision, quoted from *Boyd v. United States,* 116 U. S. 616, 635, is as follows: "Constitutional provisions for the security of persons and property shall be liberally construed. A close and literal construction deprives them of half their efficacy, and leads to the gradual depreciation of the right."

Some of the decisions under provisions of state constitutions, which correspond to the Fifth Amendment of the United States Constitution, throw some light upon this discussion. The following is from *M'Intire v. State,* 5 Blackf. (Ind.) 384: "The clause in the constitution which provides that a just compensation shall be made for private property taken for public use, means, not that the property thus taken shall be valued and its price paid in money, but that the owner shall be recompensed for the actual injury he may have sustained—all circumstances considered—by the measure of which he complains."

The case of *Phillips v. Town of Scales Mound,* 63 N. E. (Ill.) 183, says: "Just compensation means the payment of such sum of money as will make the defender whole, so that, on receipt by the defendant of the compensation and damages awarded, he will not be poorer by reason of his property being taken or damaged."

The constitution of Michigan contains the following, article 18, section 2: "When private property is taken for the use or benefit of the public, the necessity for using such property, and the just compensation to be made therefor * * * shall be ascertained by a jury." Section 14 of article 18 says, "The property of no person shall be taken for public use without just compensation therefor."

These are quoted to show how exactly they correspond

to the enactment of the United States Constitution. Under this provision, the case of *G. R. & I. R. R. Co. v. Weiden,* 70 Mich. 390, 395, has the following:

"Both of the appellants were using their property in lucrative business, in which the locality and its surroundings had some bearing on its value. Apart from the money value of the property itself, they were entitled to be compensated so as to lose nothing by the interruption of their business and its damage by the change. A business stand is of some value to the owner of the business, whether he owns the fee of the land or not, and a diminution of business facilities may lead to serious results. There may be cases where a loss of a particular location may destroy business altogether, for want of access to any other that is suitable for it. Whatever damage is suffered must be compensated. Appellants are not legally bound to suffer for petitioner's benefit. Petitioner can only be authorized to oust them from their possessions by making up to them the whole of their losses."

In *Commissioners of Parks v. Moesta,* 91 Mich. 149, 155, is the following: "In the present case appellants should have been permitted to recover for such loss occasioned by the interruption of their business as they were able to show, with reasonable certainty, will occur during the time it will necessarily be interrupted."

Counsel for the government have referred the court to a number of cases which appear to take the view of the Supreme Court of the United States in the *Monongahela* case, but I feel that the construction which tends to place the person whose property is taken by the United States in, as near as possible, the same financial condition as he was before the taking, is the view that is best supported by those considerations of justice and fair dealing which all governments should insist upon, not only as to their own interests but in relation to the interests of all with whom they deal, and is not inconsistent with the language of the Amendment. This court, however, recognizes the fact that the weight of authority is against this construction and that

it is controlled in its application of the law ,by the precedents of the Supreme Court of the United States. Under that authority, therefore, the third point, i. e., damages for loss of business and profits caused by removal to another locality, cannot be allowed.

[2]  The taking will cause damage to the removable fixtures of the lessees in their detachment from the building and removal to another locality. Evidence may be received to show such damage.

I have doubts as to allowing the expense of removing movable fixtures under precedents which refuse such expenses on the ground that at the expiration of the lease they would have to be removed in any case, unless such lease was extended, and will therefore rule against the admission of testimony showing the cost of removal.