# OHIO
# CIRCUIT COURT REPORTS.
## NEW SERIES—VOLUME XIX.

CASES ARGUED AND DETERMINED IN THE CIRCUIT
COURTS AND COURTS OF APPEALS OF OHIO.

## AUTHORITY TO RELOCATE PORTION OF AN INTERURBAN LINE.

Circuit Court for Summit County.

CHRISTIAN REUSCH v. THE NORTHERN OHIO TRACTION & LIGHT COMPANY.*

Decided, 1912.

*Bills of Exceptions—Taken in Time to Cover Preliminary Hearing in Appropriation Case, When—Statement of Grounds for New Trial—Right of Interurban Railway to Appropriate Land for Relocation of Line—Greatest Distance from Old Line One Mile—Meaning of the Words "Construction" and "Necessity" as Used in the Statute—Section 9119.*

1. It is not necessary that a motion for a new trial follow the exact language of the statute, if the causes enumerated as grounds for a new trial are such as are embraced within the meaning of the statute.

2. In an action by an interurban railway company for the appropriation of land, a bill of exceptions is taken in time to preserve the case for review as to the preliminary hearing, if the time allowed for such filing has not expired when computed from the overruling of the motion for a new trial.

---

*Affirmed without opinion, *Reusch* v. *Northern Ohio Traction & Light Co.*, decided January 27, 1914.

3. When it becomes necessary for an interurban railway company to make changes in the construction of its road, or to relocate its tracks in order to avoid dangerous or difficult grades or curves or to shorten its line, the word "construction" as used in the statute will be held to include such alteration and to empower the company to appropriate land therefor.

4. The "necessity" required under the statute to authorize an appropriation of private property for railway purposes, is a reasonable as distinguished from an absolute necessity, and such reasonable necessity is established when it is shown that dangerous curves and grades will be thereby eliminated and the road made safer and its service to the general public rendered more efficient.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

This proceeding in error had its inception in an action begun by the defendant in error, the Northern Ohio Traction & Light Company, in the Probate Court of Summit County, to appropriate land belonging to Christian Reusch, the plaintiff in error, for a right-of-way. A preliminary hearing was had in the probate court as required by law and the questions at issue in that hearing having been decided in favor of the plaintiff in that action, a jury was called to assess the damages for the land taken. After the jury had returned a verdict assessing the damages for the taking of the land, the defendant in the action filed a motion for a new trial, which was overruled by the probate court and judgment entered for the plaintiff.

Error was then prosecuted by said defendant to the court of common pleas to reverse the judgment of the probate court. In the court of common pleas the petition in error was dismissed and the judgment of the lower court affirmed, and it is to review the action of the court of common pleas that the plaintiff in error brings this proceeding in error.

At the outset, it is urged by the defendant in error that the plaintiff in error is without standing in this court to ask for a review of any errors which the probate court may have committed in the preliminary hearing, for the reason that the bill of exceptions was not taken in time to preserve the case as to the preliminary hearing for review. A determination of the merits of this contention is therefore necessary at this time. Section 11046, General Code, provides:

"On the day named in a summons first served, or publication first completed, the probate judge shall hear and determine the questions of the existence of the corporation, its right to make the appropriation, its inability to agree with the owner, and the necessity for the appropriation. Upon all these questions the burden of proof shall be upon the corporation, and any interested persons shall be heard."

Exceptions were duly taken by the plaintiff in error to the findings of the probate court on the preliminary questions, which said court was required to determine under the section of the statutes quoted, to the overruling of a motion for a new trial and to the entry of the judgment for appropriation. The bill of exceptions was allowed, signed and filed within the time required by law if the time is to date from the overruling of the motion for a new trial; but if, on the contrary, the time is to be computed from the day upon which the preliminary and jurisdictional questions were determined, it was not filed in time, and, in the latter event, there could be no review of the matters involved in such preliminary hearing.

In *The Pittsburgh, Cleveland & Toledo Railroad Co.* v. *Tod,* 72 O. S., 156, it was held:

"In proceedings for the appropriation of property by a private corporation, the determination of the preliminary questions by the probate judge, as required by Section 6420, Revised Statutes, may be reviewed on error.

"A motion for a new trial, or rehearing, of such preliminary questions is not necessary.

"The time within which a bill of exceptions on such hearing should be taken is to be computed from the day on which said questions are determined, if no motion for a new trial is filed, and if a motion for a new trial is filed, from the day the motion for a new trial is overruled."

In *The Dayton & Union Railroad Company* v. *The Dayton & Muncie Traction Company,* 72 O. S., 429, the syllabus reads as follows:

"Although it may not be necessary to file a motion for a new trial at the time of the hearing of the preliminary questions in an appropriation proceeding, under Section 6420, Revised Statutes, in order to bring upon the record errors occurring upon

such hearing; yet if such errors come within any of the causes for a new trial as defined in Section 5305, Revised Statutes, the aggrieved party may include the same in a motion for a new trial to be filed within ten days after the verdict is rendered in such appropriation proceedings, as provided in Section 6432, Revised Statutes. *Weaver* v. *Columbus, Shawnee & Hocking Valley Railway Co.*, 55 Ohio St., 491, approved and followed.

"If such motion for a new trial should be overruled, the time for filing a bill of exceptions must be reckoned from the date of the overruling of the motion for a new trial."

If, therefore, the errors sought to be reviewed by motion for a new trial were such as came within any of the causes for a new trial, as defined in Section 5305, Revised Statutes, now Section 11576, General Code, the time within which the bill of exceptions should be filed to secure a review of such errors should date from the overruling of the motion for a new trial, because by such motion the matters governed by it and embraced within the provisions of Section 11576, General Code, while having once been passed upon by the trial court were nevertheless by such motion again brought to the attention and review of the court.

The motion filed in the probate court by the plaintiff in error specified the following grounds:

First, the petitioner has no right to make the appropriation sought to be made herein.

Second, there is no necessity for the appropriation herein sought.

Third, the court is without authority to impanel a jury in this case.

These grounds in the language stated are not found in Section 11576, General Code; but, in our opinion, the questions raised by this motion could have been raised equally as well if the plaintiff in error had resorted to the language of the sixth subdivision of Section 11576, General Code, which is "that the verdict, report or decision is not sustained by sufficient evidence, or is contrary to law"; or if he had made subdivision eight of said section the ground of his motion for a new trial, which reads: "Error of law occurring at the trial and excepted to by the party making the application."

It is not necessary that a motion for a new trial follow the exact language of the statute. If the causes enumerated as grounds for a new trial are such as are embraced within the meaning of the statute, it is sufficient.

We conclude, therefore, that the bill of exceptions was filed within the time required by law, and that it preserved for review the errors alleged to have occurred in the preliminary or jurisdictional hearing, embraced within the motion for a new trial.

The errors alleged to have occurred on the preliminary hearing in the probate court are:

First, that the court erred in determining that the plaintiff there had the right to make the appropriation sought; and

Second, that the court erred in determining the question of the necessity for the appropriation in favor of the plaintiff.

Third, that the findings of the probate court are insufficient.

Section 9119, General Code, as amended May 10, 1910 (101 O. L., 622), reads as follows:

"Street, interurban or suburban railroads using other than steam as motive power, when necessary may enter upon and use private property in the construction, alteration and operation of its road or any part thereof and for such purposes shall have all of the rights and powers of appropriation, outside of municipalities, that steam railroad companies possess."

The Northern Ohio Traction & Light Company is a corporation organized under the laws of the state of Ohio and authorized by its charter to operate street railroads. It is the owner of a line of interurban street railroads, a part of which passes through the township of Northfield, in Summit county, Ohio. The land sought to be appropriated is in the township of Boston, in said county. The appropriation of this land is sought for the purpose, as stated in the petition, of altering the location and grade of the company's interurban street railroad in order to change and avoid dangerous and difficult grades and curves, render its said line of interurban street railroad more safe for public travel, facilitate the movement of traffic in the operation of its interurban street railroad, and to enable said company to perform more efficiently and satisfactorily its duty to the public as a common carrier of freight and passengers.

As originally constructed, that portion of the company's road between Cuyahoga Falls, in said county, and Chittenden's Corners in said Boston township, was constructed on a private right-of-way except about one mile. The balance of the line running toward Cleveland was on the public highway. The plans of the company now involve the taking of the tracks from the public highway and relocating and re-constructing the same from Chittenden's Corners northerly to a point near Bedford in Cuyahoga county, and as a part of these plans the taking of the land of the plaintiff in error. The result of the carrying out of these plans will be to place the entire track from Cuyahoga Falls to Bedford on a private right-of-way, except for a distance of about one mile northerly from the power house at Cuyahoga Falls. The proposed new location will be easterly of the present one and the remotest point thereof will be about one mile from the present location.

It is argued on behalf of the plaintiff in error that Section 9119, General Code, above quoted, confers no right upon a street railroad or an interurban or suburban railroad company, to make such a change of its track as is contemplated in this case; and that the purpose of this section of the statutes is simply to regulate the manner of exercising the powers of appropriation when the right of appropriation is elsewhere conferred. It is further contended that no such right as is claimed on behalf of the company is anywhere conferred under the statutes of this state, and that therefore the company is without right to make the appropriation in question. The language of said section, however, is clear and unambiguous. A railroad of the class enumerated therein, "when necessary may enter upon and use private property in the construction, alteration and operation of its road or any part thereof."

It was held in *Commissioners of Lorain County* v. *Railway Company*, 11 C.C.(N.S.), 419, that:

"The word 'construction' as used in Section 3284, providing that a railroad company in the construction of its road-bed may divert a road or stream of water when necessary, is not limited in its application to the original building of the railroad, but gives the right, in making a change of grade as authorized by

Section 3277, to divert the course of a highway for the purpose of avoiding annoyance to the public and dangerous or difficult curves or grades.''

Following the principle of this decision, the word ''construction'' in Section 9119 should not be limited in its application to the original building of the company's road; but should be considered as relating also to the making of the road, or parts thereof, in such new location as necessity may require, conforming, of course, to the general route prescribed in the articles of incorporation.

We are of the opinion also that the word ''alteration'' should not be given the limited meaning contended for on behalf of the plaintiff in error. The necessity of an alteration of the company's line having been shown, it would be inconsistent with the language and clear purpose of the statute to require the alteration to be confined within the limits of the existing location of the road. The power conferred by the express terms of the statute upon railroads of the kinds enumerated to enter upon and use private property when necessary in the alteration of their roads, necessarily implies that such railroads have the right to change their route to the land so appropriated, otherwise the power conferred would be useless.

In *State* v. *Bregesson*, 108 Wis., 241, the court said:

''The alteration of a highway, as the word itself indicates, means the change of course of an existing highway, leaving it substantially the same highway as before, but with its course in some respects changed. While the alteration will necessarily require the condemnation of additional lands, and will result in the vacation or discontinuance of that part of the former highway not included within the limits of the altered course, the proceeding to alter a highway does not thereby become a proceeding to lay out a new highway or to discontinue an old one. The proceedings are separate and distinct, and intended so to be, and a new and separate highway can not be laid out upon an application to alter an existing highway.''

If, therefore, it becomes necessary for a railroad company, of the kind named in the statute, to make changes of construction in its road, or to alter its line of tracks, it seems clear that the

language of. the section of the statutes under consideration is comprehensive enough to authorize the company to appropriate private property for that purpose, the rights and powers of appropriation outside of municipalities being exercised in the same manner as by steam railroads.

The fact that a change of location of a portion of the company's track results, is no objection to the exercise of the right conferred, the necessity being shown therefor, provided there is no departure from the general route of the said railroad as prescribed in the company's articles of incorporation. Whether any public authorities can object to the change of location of the road, or whether the plaintiff in error can so object by some other method, is not the question to be considered here.

We think, therefore, that the probate court committed no error in determining the right of appropriation in favor of the plaintiff in the action.

To decide whether the probate court erred in finding in favor of the necessity of the appropriation, requires a consideration of the meaning of the word "necessary" as used in the statute. We think that when the word "necessary" is used in a statute of this kind, conferring the right to take private property for the uses specified, a reasonable and not an absolute necessity is intended.

This was the interpretation placed upon the word "necessary" in *Village of Wayzata* v. *Great Northern Railway Co.*, 67 Minn., 385, where it was held:

"Under a law which authorizes a railroad company to construct its road along and over any public or private way, if it shall 'be necessary,' a practical and not an absolute necessity is intended; and the burden of proof would be upon the company to show this practical necessity, if questioned when originally locating the line."

A similar construction was placed upon the word "necessary" in *Aurora & Geneva Railway Company* v. *Harvey*, 178 Ill., 477, where it was held (quoting from syllabus):

"The word 'necessary,' used in the Horse and Dummy Railroads Act of 1874 (Revised Statutes, at *k*874, page 571) with

reference to the right of a street railway company to condemn private property for the construction, maintenance or operation of the road, does not mean 'absolutely necessary,' but 'expedient, reasonably convenient' or 'useful to the public.' To avoid a dangerous grade crossing with a steam railroad, or a dangerously steep grade terminating at the bottom in a sharp curve, a street railway company may leave the highway and condemn a right-of-way around such obstacles over private property, in order to conserve the safety, comfort and convenience of the public.''

This case, from its similarity to the one under consideration, and the thorough discussion of the principles involved, is an important one, and is of material assistance in disposing of the question to be decided here. The statute there relied upon, conferred power upon a street or horse and dummy railroad to take private property and declared that ''when it is necessary for the construction, maintenance or operation of such road, or the necessary sidings, side-tracks or appurtenances, to take or damage private property, the same may be done.''

The company in that case proposed to leave the highway and construct its road over private property for a distance of about a mile and a half for the purpose of passing under a railroad, and, failing to obtain all of the necessary property by purchase, brought its action to appropriate some of the property desired for carrying out its purpose.

Mr. Justice Wilkin, in delivering the opinion of the court, said:

''Counsel for appellees contend that the 'necessity' required by the statute in relation to horse and dummy railroads, means an 'absolute necessity,' a necessity so great that in the case at bar, if it is physically possible for appellant to construct and maintain its railroad upon the highway there is no right to condemn. We do not think such a strict interpretation should be placed upon the language of the statute. In the former opinion herein referred to we said: 'If, in the construction of the road in the highway, difficulties or obstructions were encountered which rendered it impracticable to construct the road in the highway, a necessity might arise, within the meaning of the law, which would authorize the company to leave the highway and go upon private property.' And again: 'In the construction of the road, if a necessity existed for making a deflection from the highway in order to avoid a heavy grade which would prevent a

successful operation of the road, defendant in error would no doubt have the right to take and condemn private property to obviate the difficulty.' The safety, comfort and convenience of the traveling public require protection, and the policy of the state must be to compel railroad companies to so build their roads as to conserve the safety of its citizens to as high a degree as is reasonably attainable in view of the character and exigencies of that mode of transportation. In the construction of statutes relating to the taking of private property the word 'necessary' should be construed to mean 'expedient,' 'reasonably convenient' or 'useful to the public,' and can not be limited to an absolute physical necessity. This, we think, was certainly the intention of the Legislature when the act was passed. The view here expressed seems to be well supported by the authorities.''

See also *Buck* v. *Seymour*, 46 Conn., 156; *Milwaukee & St. Paul Ry. Co.* v. *City of Milwaukee*, 34 Wis., 271; *Commissioners of Parks* v. *Moesta*, 91 Mich., 149.

The necessity which the Northern Ohio Traction & Light Company was required to establish being a reasonable and not an absolute necessity, we are of the opinion that the probate court committed no error in determining this branch of the preliminary hearing in its favor. The evidence on this issue was sufficient to establish the reasonable necessity of the appropriation of the land of the plaintiff in error described in the petition filed in the probate court, for the purpose of eliminating dangerous grades and curves in the company's road, rendering it safer for those who had to travel thereon, and furnishing more efficient and satisfactory service to the general public.

There remains for consideration the contention of the plaintiff in error that the findings of the probate court are insufficient The insufficiency is asserted to consist in the failure of the court to find, as required by Section 8754, General Code, "that the property and rights of those owning real estate along the portion of the road to be affected by the change will not be unreasonably affected."

The journal entry in the probate court contains a finding that the allegations of the petition are true, and the petition contains the allegation, "that the property rights of said defendants will not be unreasonably injured by said change."

The finding of the court on this subject, therefore, was sufficient.

As a result of the conclusions announced on the errors assigned, the judgment of the court of common pleas must be affirmed.