CROUCH et al. v. DAKOTA, W. & M. R. R. CO. et al.   (READ, Intervener).

Every party whose interest in the subject matter of the appeal is adverse to or will be affected by a reversal or modification of the judgment, or order appealed from, is an "adverse party," within the meaning of Rev. Code Civ. Proc. § 441, providing that an appeal must be taken by serving a notice on the advese party, etc. Hence co-defendants whose interest will be affected by a reversal or modification of an order attempted to be appealed from by other defendants must be served with notice of the appeal.

Where it affirmatively appears that numerous parties to an action who would be affected by a reversal or modification of an order

appealed from neither joined in the appeal nor were served with notice thereof, the appeal will be dismissed on motion.

(Opinion filed, July 8, 1908.)

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by Charles D. Crouch and another, trustees, against the Dakota, Wyoming & Missouri River Railroad Company, Joseph H. Muhlke, and others. Frederick P. Read, intervened. From an order denying an application to set aside a certain sheriff's sale, the railroad company and Muhlke appeal. Appeal dismissed.

*William T. Coad,* for appellants. *Chauncey L. Wood* and *Charles W. Brown,* for respondents.

HANEY, P. J. This is an attempted appeal from an order of the circuit court denying an application of the defendant railroad company and the defendant Muhlke to have a certain sheriff's sale vacated and set aside. The notice of appeal was signed only by the railroad company and Muhlke. Respondents have moved to dismiss on the ground, among others, that no notice of appeal was served upon Thomas Sweeney, Eben W. Martin, trustee, William T. Lyford, the Metropolitan Trust Company, Lorin H. Bronte, defendants, and Frederick P. Read, intervener, or either of them, and that each of them is an adverse party whose interest will be affected by a reversal or modification of the order attempted to be appealed from. "An appeal must be taken by serving a notice in writing, signed by the appellant or his attorney, on the adverse party, and on the clerk of the court in which the judgment or order appealed from is entered." Rev. Code Civ. Proc. § 441. Every party whose interest in the subject-matter of the appeal is adverse to or will be affected by a reversal or modification of the judgment or order appealed from is an "adverse party" within the meaning of the statute, irrespective of the question whether he appears upon the face of the record in the attitude of plaintiff, defendant, or intervener. Sutton v. Consolidated Apex Mining Co., 12 S. D. 576, 82 N. W. 188. "All the parties to a suit or proceeding who appear from the record to have an interest in the order, judgment, or decree challenged in the appellate court must be given an opportunity

to be heard there before that court will proceed to a decision upon the merits of the case." Dodson v. Fletcher, 78 Fed. 214, 24 C. C. A. 69; Grand Island & W. C. R. Co. v. Sweeney, 103 Fed. 342, 43 C. C. A. 255.

Therefore, as it affirmatively appears that numerous parties to the action, each of whom would be affected by a reversal or modification of the order appealed from, neither joined in the appeal nor were served with notice thereof, respondents' motion to dismiss must be sustained.