UNION BOND AND MORTGAGE COMPANY, Respondent, v. BROWN, Appellant.

(266 N. W. 720.)

(File No. 7924. Opinion filed April 16, 1936.)

*Sterling, Clark & Grigsby,* of Redfield, and *W. M. Potts,* of Mobridge, for Appellant.

*Longstaff & Gardner,* of Huron, for Defendant H. P. Brown.

RUDOLPH, J.   The case is now here on a motion by the defendant H. P. Brown to dismiss the appeal as to him, in so far as it purports to be an appeal from the order denying the motion for a new trial.   So far as material to this motion, the facts are substantially as follows:   Plaintiff commenced its action in circuit court to foreclose a certain mortgage upon property located in Beadle county.   The named defendants in this action, among others, are the appellant A. H. Brown, and also H. P. Brown, the person who is here making this motion to dismiss the appeal.   In the action below the trial court entered judgment to the effect that A. H. Brown was liable upon the notes secured by the mortgage and that the defendant H. P. Brown was liable secondarily to the liability of A. H. Brown.   Foreclosure of the mortgage was decreed with the condition that, if the mortgaged property was not sufficient to pay the indebtedness, the plaintiff have judgment against the defendant A. H. Brown for any deficiency, and in the event the plaintiff is not able to settle such judgment out of the property of A. H. Brown, that the defendant H. P. Brown be secondarily liable therefor.   The defendant A. H. Brown has appealed.

Notice of the entry of judgment was served upon A. H. Brown by the plaintiff.   A. H. Brown served notice of intention to move for a new trial, and thereafter served the transcript and specifications of error upon the plaintiff only.   It is conceded that the defendant H. P. Brown was not served with notice of intention, nor with the transcript and specifications, nor with notice of

motion for new trial. The question thus presented is whether the appeal, in so far as it purports to be an appeal from the order denying the motion for a new trial, is binding upon the defendant H. P. Brown. H. P. Brown was served with the notice of appeal, and concedes that, in so far as this appeal purports to be an appeal from the judgment only, he is bound thereby.

The statute, section 2557, Rev. Code 1919, provides that "The party intending to move for a new trial must * * * serve upon the adverse party a notice of intention." Section 2546, Rev. Code 1919 provides that a copy of the transcript with a copy of the specifications of error attached thereto shall be served "upon the adverse party." The first question for our consideration is whether or not H. P. Brown is an adverse party within the meaning of the above statutory provision. This court held in the case of Crouch v. Dakota Railroad Company et al., 22 S. D. 263, 117 N. W. 145, that every party whose interest in the subject-matter of the appeal is adverse to or will be affected by a reversal or modification of the judgment or order appealed from is an "adverse party," within the meaning of the present section 3146, Rev. Code 1919, which relates to .the service of the notice of appeal, and provides: "An appeal must be taken by serving on the adverse party * * * a notice, in writing." See, also, Sutton v. Consolidated Apex Mining Company, 12 S. D. 576, 82 N. W. 188; Fergen v. Lonie, 50 S. D. 328, 210 N. W. 102; Lucey v. Vilhauer, 64 S. D. 54, 264 N. W. 203. We see no distinction between the use of the term "adverse party" in the said section 3146, and the use of that same term in the sections of our Code relating to the service of the notice of intention, and service of the transcript and specifications of error. Sections 2557 and 2546, Rev. Code 1919. In the Crouch Case it was definitely held that codefendants, whose interest will be affected by a reversal or modification of an order or judgment appealed from, are adverse parties within the meaning of the statute. Clearly in this case the defendant H. P. Brown has interests which will be affected by the reversal of this judgment. As it now stands, H. P. Brown stands secondarily liable to the defendant A. H. Brown. A. H. Brown is, of course, here on appeal attempting to reverse the judgment which holds him liable, and which would result, if he were successful in placing the

primary liability upon H. P. Brown. Certainly H. P. Brown's interests are at stake in this appeal from the order denying a new trial, and he must be considered as an "adverse party."

Counsel for appellant attempts to differentiate the statutes here involved from section 3146, basing the alleged difference upon practical grounds. Counsel argues that there might be a dozen or more codefendants whose interests were adverse to the appealing defendant, and that it would be impractical and unreasonable that he serve notice of intention, and a copy of the transcript and specifications upon all of these codefendants whose interests are adverse. We are unable to accede to appellant's argument. We are convinced that, even though the statutes read in the singular, nevertheless, they mean that their terms must be complied with so far as any and all adverse parties are concerned. Under the facts here presented, H. P. Brown, in our opinion, is an adverse party within the meaning of the said statutes, and concededly was not served either with notice of intention, or with the transcript and specifications of error. Under our ruling in the case of Fuller v. Anderson, 50 S. D. 568, 210 N. W. 992, the trial court had no jurisdiction to consider the motion for a new trial so far as H. P. Brown is concerned.

The appeal, in so far as it purports to be an appeal from the order overruling the motion for a new trial, must be, and is, dismissed, as to the defendant H. P. Brown.

All the Judges concur.