RIDGELAND SCHOOL DISTRICT NO. 14, et al, Appellants, v. TIMBER LAKE INDEPENDENT SCHOOL DISTRICT No. 2, et al., Respondents

(17 N. W.2d 703.)

(File No. 8774. Opinion filed February 16, 1945.)

**W. M. Potts**, of Mobridge, and **Byron S. Payne**, of Pierre, for Appellants.

**Morrison & Skaug**, of Mobridge, for Respondents.

RUDOLPH, J. The plaintiff in this action is a common school district. The Board of Education of the school district had during the course of years issued school district warrants in payment of its obligations. Over the years some of these warrants had not been paid and at the time of the commencement of the action a large number of the warrants were outstanding. The Timber Lake Independent School

District No. 2 and George Biesmann were· made defendants in the action which sought a declaratory judgment decreeing that certain of the warrants issued by the plaintiff school district were void. The complaint alleged that the warrants were void, first, because no valid claims had been filed as required by SDC 15.2217, and second, because they were in excess of the constitutional debt limitation. The court was asked to decree the invalidity of outstanding warrants and to determine the amount and to whom paid on void warrants. So far as here material, the answers of the defendants were general denials. A trial was had and the trial court entered two separate judgments, one in favor of the defendant Biesmann wherein it was decreed that warrants issued by the plaintiff district were legal and valid obligations of the district. A separate judgment was issued in favor of the defendant Timer Lake School District which likewise decreed that the warrants issued by the plaintiff school district were legal and valid. This judgment further decreed that the defendant Timber Lake School District recover from the plaintiff a certain amount found due upon an accounting which was had between these parties. The plaintiff, apparently satisfied with the judgment entered in favor of the defendant Timber Lake School District, has sought to appeal only from the separate judgment entered in favor of the defendant, George Biesmann. In perfecting its appeal the plaintiff served notice of appeal upon the defendant Biesmann only, who now seeks to have the appeal dismissd for the failure of the plaintiff to serve notice of appeal upon the defendant Timber Lake School District.

■ SDC 33.0703 provides that an appeal must be taken by serving on the "adverse party" the notice of appeal. This court has held that every party whose interest in the subject matter of the appeal is adverse to or will be affected by reversal or modification of the judgment appealed from is an "adverse party" within the meaning of this code provision. Crouch et al v. Dakota, W. & M. R. R. Co. et al, 22 S. D. 263, 117 N. W. 145; Union Bond & Mortgage Co. v. Brown, 64 S. D. 596, 269 N. W. 472. In support of the motion to dismiss the appeal it is contended that the defendant Timber Lake School District would be affected by reversal or modification

of the judgment appealed from in three respects as follows:

"(1) It might result in having warrants now held by it invalidated.

"(2). If a new trial was granted it might result in a judgment requiring defendant district to pay back the amounts received on any warrants that were held invalid.

"(3) It would subject the defendant district to a claim by defendant Biesmann upon its implied warranty that the Warrants sold to him were valid and subsisting obligations and not subject to offset."

■ The record discloses that none of the questioned warrants are held jointly by the defendants. Such warrants as the defendants own are owned separately by each of the defendants, and the liability of the plaintiff district, is a separate liability to each of the defendants. The same is true as to any warrants which have been paid. If there is any liability of defendants to plaintiff due to the payment by the plaintiff of void warrants such liability is separate as to each defendant. We conclude, therefore, that a reversal of the judgment against the defendant Biesmann would not affect the defendant Timber Lake district either as to warrants now held by it, or as to warrants upon which it has received payment.

■ The record is not clear concerning warrants transferred by the Timber Lake district to Biesmann. The trial court found that the Timber Lake district sold to Mr. Biesmann warrants aggregating ten thousand dollars. We have been unable to find any testimony supporting this finding. Mr. Biesmann was asked if he had purchased warrants from the Timber Lake district but objection to this question was sustained. However, assuming that warrants now held by Mr. Biesmann were originally issued to the Timber Lake district, we do not believe that such fact is sufficient upon which to determine that the Timber Lake district will be affected by a reversal of the Biesmann judgment. It must affirmatively appear that the party not served with notice of appeal will be affected by a reversal or modification of the judgment. We think it clear that the single fact that warrants now held by Biesmann were originally issued to

the Timber Lake district is not an affirmative showing that such district will be affected by a reversal of the Biesmann judgment. The only contention made by respondent is that if his judgment is reversed, the Timber Lake district would be subjected to claim upon its implied warranty incurred with a transfer of the warrants. In the absence of facts showing the conditions and circumstances under which the warrants were transferred there is nothing to support this contention. Whether the district could be held liable on the basis of an implied warranty, we need not determine, sufficient to hold is that in the absence of any showing of the circumstances under which the warrants were transferred, there is nothing in this record upon which this court can determine that the Timber Lake district incurred liability of any kind by the transfer. There is, in our opinion, no affirmative showing that the reversal of the Biesmann judgment will affect the Timber Lake district.

The motion to dismiss the appeal is denied.

All the Judges concur.