MILLARD, Respondent v. BAKER, et al., Appellants

(81 N.W.2d 892)

(File No. 9571.  Opinion filed March 25, 1957)

**Boyce, Warren, Murphy & McDowell,** Sioux Falls, for Defendant and Appellant, Frank Wurnig.

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Plaintiff and Respondent.

RUDOLPH, J.  Plaintiff brought this action against several defendants to recover damages sustained in an automobile accident.  The jury returned a verdict for plaintiff against the defendants Wurnig, Baker and Scott.  The defendant Wurnig has appealed.

The facts so far as here material are as follows: Baker operating his business under the name of "Bakertrux" owned a fleet of motor trucks and maintained a pool of drivers to operate them. The truck involved in the accident was a truck owned by Baker and operated by Scott, a driver from the Baker pool. However, it appears that Baker had a method of doing business whereby he leased his trucks to those wanting service, under an agreement which provided that the lessee would employ and pay the driver of the leased truck. Wurnig had used the service of Baker on a number of occasions prior to the trip here concerned which was a trip to Minneapolis to return a load of goods to Wurnig who lived at Winner. The accident occurred in Iowa, and in that state the owner of a motor vehicle is liable for any negligence of a driver if the motor vehicle is driven with the consent of the owner. Other than the issue of Scott's negligence the important issue at the trial was whether Scott was the employee of Baker or Wurnig. The court instructed the jury on this issue, and under these instructions the only basis for Wurnig's liability was an of Iowa Baker was liable for any negligence of Scott, Baker The court further instructed the jury that under the laws of Iowa Baker was liable for any negligence of Scott, Baker being the owner of the truck and it being driven with his knowledge and consent. Under the verdict of the jury, therefore, we have this situation with respect to the parties; Scott was held liable because of his negligence, Wurnig was held liable as the employer of Scott and Baker was held liable under the Iowa law simply by virtue of his ownership of the truck.

As stated above Wurnig is the only appellant. Respondent has moved to dismiss the appeal because the notice of appeal was not served upon Baker.

■ SDC 33.0703 requires that the notice of appeal be served upon the "adverse party". It has long been established in this state that every party whose interest in the subject matter is adverse to or will be affected by a reversal or modification of the judgment appealed from is an "adverse party", within the meaning of SDC 33.0703. Hence a codefendant whose interest will be affected by a reversal of

a judgment appealed from by another defendant must be served with notice of appeal. Crouch v. Dakota, W. & M. R. R. Co., 22 S.D. 263, 117 N.W. 145; Union Bond & Mortgage Co. v. Brown, 64 S.D. 352, 266 N.W. 720; Union Bond & Mortgage Co.v. Brown, 64 S.D. 596, 269 N.W. 472; Wallace v. Brende, 66 S.D. 582, 287 N.W. 328.

The answer to the motion to dismiss, therefore, lies in a determination of whether the interest of Baker will be affected by a reversal of the judgment. As the matter now stands, if Baker is compelled to pay the judgment he will be entitled to indemnity from Wurnig. The rule is set forth in Restatement, Restitution, Sec. 96, as follows: "A person who, without personal fault, has become subject to tort liability for the unauthorized and wrongful conduct of another, is entitled to indemnity from the other for expenditures properly made in the discharge of such liability." In Comment "a" to said Sec. 96, it is stated that the rule applies where by statute the owner of a motor vehicle, without fault, is made liable for the negligence of another who drives the motor vehicle with the owner's permission. And in 42 C.J.S., Indemnity, § 21, p. 598, it is stated, "* * * the owner of a motor vehicle who has been subjected to liability to a person injured through its operation, under a statute imposing such liability by virtue of his ownership, is, although the statute does not so provide, entitled to be indemnified by the wrongdoer."

In the Minnesota case of Lunderberg v. Bierman, 241 Minn. 349, 63 N.W.2d 355, 360, 43 A.L.R.2d 865, Bierman had left a car with Lunderberg to be repaired. An employee of Lunderberg negligently injured another employee while testing the car. Bierman's liability to the injured person was imposed by statute. The court held that Bierman was entitled to indemnity from Lunderberg. The court said, "The active negligence was that of Ilstrup [the employee]. As to Mrs. Bierman, that negligence is imputed to Lunderberg Motor under the doctrine of **respondeat superior.** Ilstrup's negligence, insofar as the rights of Mrs. Bierman are concerned, is that of Lunderberg Motor." See also Rozmajzl v. Northland Greyhound Lines, 242 Iowa 1135, 49 N.W.2d 501.

■ It follows that a reversal of the judgment against Wurnig will adversely affect Baker in that he will lose his right to be indemnified by Wurnig should he be compelled to pay the judgment. Under the cases above cited the failure to serve Baker is fatal to the entire appeal.

The motion to dismiss the appeal is granted.

All the Judges concur.