Argued December 4, reversed and remanded December 31, 1963,
petition for rehearing denied January 28, 1964

# STATE BOARD OF HIGHER EDUCATION v.
## STEWART ET AL, GEUTHER ET AL
### 388 P. 2d 113

*James W. Walton,* Corvallis, argued the cause for appellants. On the briefs were Ringo and Walton.

*Karl T. Huston,* Corvallis, argued the cause and submitted a brief for respondents.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

O'CONNELL, J.

This is an appeal by defendants Stewart and Christianson from an award made by the trial court to defendants Geuther and Schierholz in a condemnation proceeding.

The State Board of Higher Education brought an action to condemn certain real property consisting of land and building which defendants Stewart and Christianson were purchasing under a contract from defendants Moore. Defendants Geuther and Schierholz were lessees of defendants Stewart and Christianson under a ten-year lease which had approximately eight and a half years to run at the time of the taking by plaintiff. The jury fixed the value of the property at $30,000. In the supplemental proceeding the trial court fixed the value of the leasehold at $5,000. Defendants-appellants contend that there was no evidence to sustain the valuation fixed by the court.

■ Prior to the taking the lessees operated a three-chair barbershop on the premises. The only evidence of the value of the leasehold adduced by the lessees was their own estimate and the testimony of four

local barbers. The lessors objected to this testimony on the ground that none of these witnesses were competent to testify as to the value of the leasehold. We are of the opinion that the lessors' objection is well taken.

It appears that counsel for the lessees confined his witnesses to those engaged in the barber's trade because he felt that the leasehold would have to be evaluated solely in terms of its use in carrying on the barbering business. This conclusion seems to have been drawn from the assumption that the highest and best use of the property was for the operation of a barber shop and that the testimony would necessarily be limited to the value for such highest and best use.

It is not necessary for us to decide to what extent highest and best use controls the character of evidence as to value for other uses.[①] It is sufficient to observe that the evidence did not establish that the highest and best use of the property was for the operation of a barbershop. Expert appraisers called as witnesses in the original proceeding in which the fee was appraised testified that the premises were suitable for barbershop purposes. They did not testify that such use was the highest and best use. One of the defendant lessees testified directly that the highest and best use was for barbershop purposes but the witness was not competent to testify as to the relative value of the uses to which the property was adaptable.

■ It is evident from the testimony in this case that the property held under lease was suitable for a variety of commercial uses. The effort should have been made to arrive at the market value of the leasehold

---

[①] 1 Orgel, Valuation Under Eminent Domain § 30 (2d ed 1953).

for the remaining life of the lease. An opinion as to that value would be admissible in evidence only if it were founded upon some knowledge of the demand for leases of property of the kind in question and the rentals which such property ordinarily brings. There was nothing to indicate that lessees' witnesses had such knowledge. Their testimony was limited to the rentals paid for leases of other barbershops in the city of Corvallis. They disclosed no knowledge of the rental value of the property in question or of property similarly situated. As we have already observed, the value of the leasehold taken is to be determined by considering the demand for the property for various uses. The location of the property in relation to the flow of traffic, the condition of the buildings, their suitability for various commercial uses, and a variety of other considerations would determine the value of this property to prospective lessees. Unless the witness can appraise the leasehold in terms of these factors he is not qualified to express an opinion as to its value. There is nothing to show that the barbers who testified in this case had the knowledge or experience necessary to make an appraisal of the property.

It has been observed that the appraisal of leases is a complex process presenting even greater difficulties of evaluation than those found in appraising full ownership.[2] This fact is to be considered in testing

---

[2] "Establishing a valuation for a leasehold is one of the most difficult and complicated problems that an expert appraiser is called upon to solve. Even for the Realtor who has been appraising real estate of all kinds for many years it presents some of the most perplexing questions ever encountered in the valuation field." McMichael, Appraising Leasehold Estates, American Institute of Real Estate Appraisers, Selected Readings in Real Estate Appraisal, p. 1188 (1953).

the qualification of a witness called to testify as to the value of leasehold property.[9]

The judgment is reversed and the cause is remanded for a new trial.

---

[9] Jahr, Eminent Domain-Valuation and Procedure § 130 (1953); 4 Nichols, Eminent Domain § 12.42 (3d ed 1962); 1 Orgel, Valuation Under Eminent Domain §§ 120–127 (2d ed 1953); McMichael, supra note 2; Horgan, Some Legal and Appraisal Considerations in Leasehold Valuation Under Eminent Domain, 5 Hastings L J 34 (1953); Boyer and Wilcox, An Economic Appraisal of Leasehold Valuation in Condemnation Proceedings, 17 U Miami L Rev 245 (1963); Sando, Appraisal of Leasehold Interests, Third Annual Institute on Eminent Domain 79 (1961).