Interstate Finance Corporation, appellee, v. City of Iowa City, appellant.

No. 52364.

(Reported in 149 N.W.2d 308)

271

MARCH 7, 1967.

Jay H. Honohan, City Attorney, and William L. Meardon, both of Iowa City, for appellant.

Leff, Leff & Leff, of Iowa City, for appellee.

MOORE, J.—This is a proceeding in eminent domain. In connection with a parking lot project the City of Iowa City on April 28, 1964, started condemnation of plaintiff's leasehold interest in certain described property at 212 South Dubuque Street in Iowa City. Plaintiff was conducting a general finance business at that location. Its office occupied approximately 1100 square feet of ground floor space under a three-year lease which provided a rental of $200 per month with an option to renew for an additional three-year period upon the same terms and conditions. Plaintiff had occupied the space approximately six months before condemnation.

Plaintiff took possession of the premises as improved by the former tenant, Federal Discount Corporation. It paid $1500 for the improvements and also relieved Federal of further liability on its lease.

The improvements, which had been installed at Federal's expense, consisted of wall paneling, ceiling tile, recessed diffused lights, a custom-built counter, vinyl tile flooring, interview booths, built-in shelves and toilet facilities.

When plaintiff vacated the premises after condemnation they removed only the business equipment such as desks, typewriters, adding machines, office supplies and an exterior advertising sign. Norman Robert Smith, plaintiff's treasurer, testified there was a sixty-day period between vacation and occupancy of new quarters as suitable space was not immediately available. He stated it was not economically feasible to remove the interior stalls, shelving, counter, paneling, ceiling, light fixtures or floor tile.

The city was dissatisfied with the award made by the sheriff's jury and gave notice of appeal. Under the provisions of Code section 472.21 the condemnee, Interstate Finance Corporation, was compelled and did file, as plaintiff, this action in the district court. The district court jury awarded plaintiff $8000 for its leasehold and defendant has appealed. We affirm.

No claim is made of any irregularity in the condemnation proceedings. Defendant concedes plaintiff is entitled to reasonable compensation for its leasehold taken under condemnation. Article I, section 18, Constitution of Iowa; R & R Welding Supply Co. v. Des Moines, 256 Iowa 973, 976, 129 N.W.2d 666, 668, and citations. Defendant, however, contends the trial court erred and has assigned five errors.

I. Defendant's first assignment is the trial court erred in refusing to strike the testimony of plaintiff's witnesses Smith, Berven and Beeler. The city argues each based his opinion on a specific amount for removal costs and damage to business.

Smith after relating his experience negotiating many leases and his extended investigation of leaseholds in Iowa City opined the fair and reasonable value of plaintiff's leasehold interest on the date of condemnation was $12,500. On cross-examination he testified he considered the lease an advantageous lease and worth at least $100 per month more than required by its terms. He estimated the loss for the remaining 66 months at $6600. He considered and allowed $800 for moving expense and esti-

mated the depreciation value of the improvements, other than the sign, at $5000.

Smith's testimony on cross-examination includes:

"Sir, it's an entire package. It's really difficult to say x-number of dollars. You take all these things into consideration. And you ask if I placed a value. Yes, I did. But the overall is what you arrive at.'

"Q. Now I will ask you to state whether or not, in arriving at your value here of $12,500, you considered business interruption or damage to your business? A. Not as far as any actual dollar value is concerned. It's all a part of the value of this location at time of condemnation."

Homer Berven, an experienced appraiser who had testified in several prior cases, after relating his study of this leasehold interest as compared with others in Iowa City, opined the fair and reasonable market value of plaintiff's leasehold interest on the date of condemnation was $13,000. He testified in arriving at his opinion he took into consideration the location, the fact plaintiff had a going business, loss of betterments and improvements, loss of income from a change of location, it was a ground floor location in the downtown district, the likelihood of increase of rent for comparable space, time required in finding a new location, moving expenses and changing letterheads.

On cross-examination Berven testified he estimated $800 for moving expense, $6600 difference in rent, $5000 for loss of improvements and $600 for miscellaneous items.

Byron D. Beeler, an experienced appraiser, after stating his qualifications and his research made regarding this particular leasehold interest, opined the fair market value of plaintiff's leasehold interest at the time of condemnation was between $12,500 and $14,000. On cross-examination he testified the economic value of plaintiff's lease amounted to between $150 and $175 per month for 66 months. He estimated $2600 for moving expense, window lettering, printing new supplies and damage to business by reason of loss of business while waiting to get into a new location. He allowed nothing for betterments as he considered the premises as improved and stated under his approach such an allowance would be making an award of damages twice

for the same items. Beeler testified various elements enter into the overall value of plaintiff's leasehold.

After cross-examination defendant moved to strike the opinions given by Smith, Berven and Beeler on the ground they included specific amounts for removal costs and damage to business.

 If ground for excluding testimony first appears on cross-examination a motion to strike is proper and prejudicial error may be avoided by striking the testimony. Neddermeyer v. Crawford County, 190 Iowa 883, 889, 175 N.W. 339, 342; Wicks v. Iowa State Highway Comm., 254 Iowa 998, 1008, 119 N.W.2d 781, 787.

The trial court overruled defendant's motions to strike and announced the questions raised would be covered by the instructions. Our review of the instructions leads us to the conclusion the trial court carefully submitted the proper measure of damages and eliminated any consideration of any item as a separate dollar-and-cent allowance.

 The measure of damages for a leasehold interest taken under eminent domain is declared generally to be the fair market value of the leasehold or unexpired term of the lease. 27 Am. Jur.2d, Eminent Domain, section 352. We have held the measure of damages for a leasehold interest taken under eminent domain is the market value of the unexpired term of the lease over and above the rent stipulated to be paid. Des Moines Wet Wash Laundry v. Des Moines, 197 Iowa 1082, 1085, 198 N.W. 486, 488, 34 A. L. R. 1517; Korf v. Fleming, 239 Iowa 501, 517, 32 N.W.2d 85, 94, 3 A. L. R.2d 270; Estelle v. Iowa State Highway Comm., 254 Iowa 1238, 1243, 119 N.W.2d 900, 903.

In our Des Moines Wet Wash case we discuss at length the difficulty of fixing the value of leaseholds and hold the various elements involved therein vary as to the facts in each case.

In Korf v. Fleming, supra, at page 518, 239 Iowa, page 95, 32 N.W.2d, we quote this from Des Moines Wet Wash Laundry v. Des Moines, supra, 197 Iowa 1082, 1089, 198 N.W. 486, 489, 34 A. L. R. 1517: "Ordinarily, market value is the criterion, but in certain cases it is not the true standard by which to determine the value. * * * This is particularly true as applied

to a leasehold. Value must be determined by a consideration of the uses to which the property is adapted. All circumstances naturally affecting this value are open to consideration." And from the same pages of our Des Moines Wet Wash case, in Estelle at page 1245, 254 Iowa, page 905, 119 N.W.2d, we quote this: "It is impossible to specify all of the elements that enter into such a problem. In fact, all of them cannot be anticipated, and many of them are developed in the course of the litigation consequent upon the exercise of the right of eminent domain. They will vary with the character of the property affected and the uses to which the property is applied."

■ In the above cited cases we recognize a variety of elements of loss, expense and inconvenience may be considered by the jury, not as substantive elements of damages, but as descriptive of the injury resulting to the leaseholder by the condemnation. In Des Moines Wet Wash we hold moving expense and loss because of stoppage of business are elements to be considered in connection with the proof of the value of a leasehold interest. See also annotation, 3 A. L. R.2d 286. Some moving expense and loss because of stoppage of business are self-evident facts and would be known to the jury without evidence to that effect.

Subsequent to this condemnation section 472.14, Code 1962, was amended by chapter 378, Acts of the Sixty-first General Assembly, and now moving expense not to exceed $500 is recoverable as a separate item. It has no application to the case at bar.

Defendant cites Skaff v. City of Sioux City, 255 Iowa 49, 120 N.W.2d 439, which holds expense of moving a stock of merchandise is not recoverable as a separate dollar-and-cent item of damage in a condemnation proceeding. It was decided prior to the amendment to Code section 472.14. As we point out therein it is not a leasehold condemnation case. Factually it is readily distinguishable from the case at bar. It is not contrary to our holding in the Des Moines Wet Wash case.

■ The instructions given by the trial court limit plaintiff's award to the reasonable value of its leasehold interest at the time of condemnation.

Instruction 12 states: "In determining the fair and reasonable market value of the plaintiff's leasehold interest, as heretofore defined, not as distinct and independent items of damage but as elements bearing upon and tending to show the reasonable market value thereof, as defined in these instructions, you may consider all the varied elements of value as described by the evidence in this case in regard to the term of the lease, the right of renewal for an additional three years, the location of the premises, the surroundings thereof, its accessibility, the use to which the same has been put, the improvements, the nature, character, type and general construction of the improvements and fixtures located thereon, the depreciation to said improvements and fixtures, if any, since their construction or purchase by reason of their use or the purposes for which they were used, the manner of using the same in connection with the business the plaintiff was conducting with said building and fixtures, and any other material facts disclosed by the evidence, including comparable rentals of other properties if you find them to be comparable. You will not consider as an element of damage the cost of moving to another location.

"You are not to collect or compute independent or specific items and elements of damage and consider the sum thereof as the damage to which the plaintiff is entitled. In other words, the plaintiff is not entitled to recover the cost of any specific item or the sum total of various items as such, and the matters above suggested and other facts and circumstances as shown in the evidence should be considered by you only insofar as they may bear upon the fair and reasonable value of the plaintiff's leasehold interest as a whole at the time of its condemnation on April 28, 1964."

Instruction 16 states: "In arriving at your verdict, you should give no consideration to the loss to plaintiff, if any, occasioned by the temporary interruption of its business or business volume by virtue of the condemnation by the defendant, except as it affects the fair and reasonable market value of its leasehold interest as a whole. It cannot be considered as a special damage."

■ We have frequently said that if the trial court erroneously admits testimony the error may be removed by proper instructions and thus rendered harmless and not prejudicial. Richardson v. City of Centerville, 137 Iowa 253, 256, 114 N.W. 1071, 1072; Evans v. Iowa So. Util. Co., 205 Iowa 283, 287, 218 N.W. 66, 68; Nelson v. Iowa State Highway Comm., 253 Iowa 1248, 1251, 1252, 115 N.W.2d 695, 697. See also 5 Am. Jur.2d, Appeal and Error, section 807.

Having solicited the specific amounts of the elements it is difficult to understand why defendant should be heard to complain. It went primarily to the credibility of the witnesses. Assuming, arguendo, the trial court erred in permitting this evidence, we are satisfied it was cured by the trial court's instructions. We must assume the jury followed the instructions and no prejudice to defendant resulted.

II. Defendant's second, third and fourth assignments have been argued under one division. They are interrelated and we consider them together. Defendant asserts the trial court erred in not instructing the jury plaintiff had the burden of proving ownership of certain items of improvements located on the condemned premises, Smith should not have been permitted to testify plaintiff was the owner thereof, and the court should have as a matter of law ruled the improvements belonged to the landlord or should have submitted the question of ownership to the jury.

Defendant relies on the provisions of plaintiff's lease, exhibit 1, which provides plaintiff at the expiration thereof must quit the premises and surrender them to lessor in as good condition as they may be put in by reason of improvements made by plaintiff except for reasonable use or wear thereof and damage by fire.

The evidence is undisputed the improvements made by plaintiff's predecessor were purchased by plaintiff. Smith, plaintiff's treasurer, negotiated said purchase and testified plaintiff owned the improvements. He testified from personal knowledge. His testimony was undisputed except for the terms of the lease. No jury question was thus presented.

278

■ We believe the fallacy in defendant's argument lies in its failure to recognize what was really being condemned. The record discloses the improvements had no value if removed from the premises. One element which enhanced the value of plaintiff's leasehold was plaintiff's right to use the improvements for five and a half years. The right to use these improvements is in a sense an ownership right. 2 Nichols on Eminent Domain, Third Ed., section 5.23; 27 Am. Jur.2d, Eminent Domain, section 247. The premature loss thereof by condemnation is a realistic element of value. The loss resulting from deprivation of its leasehold rights is what plaintiff is entitled to recover. Des Moines Wet Wash Laundry v. Des Moines, supra. The trial court so instructed the jury. We find no merit in defendant's second, third and fourth assignments.

■ III. Defendant claims the court erred in failing to instruct the jury to reduce the award to present value. The witnesses, including defendant's one appraiser, were each asked to express an opinion of the value of plaintiff's leasehold interest on the date of condemnation. As we understand their testimony the witnesses were expressing opinions in terms of present value. The jury was specifically instructed to make an award of the fair and reasonable market value of plaintiff's leasehold interest as of the date of condemnation. Again we must assume the jury followed the trial court's instructions. We find no prejudicial error in the trial court's failure to instruct on present value.

The variety of factors affecting market value in condemnation of a leasehold interest cause the issues to be complex and troublesome for counsel and the court. From our consideration of the entire record we do not find reversible error. —Affirmed.

All JUSTICES concur except LARSON, J., who takes no part, and THORNTON, J., not sitting.