CITY OF SIOUX FALLS, Plaintiff v. NAUSED, et al., Defendants

(214 N.W.2d 74)
(File No. 11245. Opinion filed January 18, 1974)
Rehearing granted February 11, 1974

**Willy, Pruitt, Matthews & Jorgensen, Roy E. Willy** and **Gene E. Pruitt**, Sioux Falls, for defendants and respondents.

**Blaine Simons**, Sioux Falls, for defendant and appellant.

DOYLE, Justice.

This appeal is from a judgment in a condemnation proceeding. The City of Sioux Falls, South Dakota (City), condemned the property owned by Walter H. Naused and Marianne D. Naused (Nauseds), consisting of Lots 1, 2, 3 and 4 of Detlie and Franberg's Subdivision, Sioux Falls, Minnehaha County, South Dakota. Lots 1, 2 and 3 had originally been leased to Morgan Wheel & Equipment Company of Omaha, Nebraska, for a period of ten years at a rental of $225 a month. This lease was subsequently assigned to Sioux Brake and Equipment Co. Inc. (Sioux Brake) and, at the time judgment was entered, the unexpired term of the lease was four years and four months. The defendant, Sturdevant's L & L Motor Supply, Inc., leased Lot 4 of said property, but made no appearance because its lease had expired at the time of trial.

The trial court entered judgment for the Nauseds in the amount of $70,000 for the property and $4,982 for the immovable fixtures. The trial court held that the value of the lease held by Sioux Brake was equal to and no more than the monthly rental of $225, and that no damage accrued to them by virtue of the taking in the condemnation proceeding.

Sioux Brake appeals from this judgment claiming that the trial court erred in arriving at its decision regarding the value of the lease.

After the judgment was entered, the City, Nauseds and Sioux Brake entered into a stipulation in order to expedite the case. In this stipulation the parties agreed title and possession of the property would vest in the City and the Nauseds would receive the sum of $70,000 for delivery of warranty deed to the property. This was all to be accomplished on or before August 22, 1972.

It is provision V of this stipulation that concerns us in the present appeal. This provision states:

"It is expressly agreed that the above sum which is being paid is without prejudice to the rights of the defendants to any additional amounts finally adjudged to be just compensation, and is further without prejudice to the right of plaintiff to recover from said defendants any amount paid to them in excess of the amount finally adjudged to be just compensation if this shall be the case; and the above named defendants Walter H. Naused and Marianne D. Naused agree that they will repay all, or any part, of the money paid under the terms of this Stipulation, if it should later be found that others, including the plaintiff or defendant Sioux Brake and Equipment, Inc., were entitled thereto."

In the appeal before this court, concerning the value of the leasehold interest of Sioux Brake, appellant failed to join the City in this action by failure to properly serve a notice of appeal on said City. The appellant, Sioux Brake, served and appealed only as to the Nauseds, the respondents herein.

SDCL 15-26-3 provides as follows:

*"Notice of appeal served on adverse party and filed with clerk—Contents.*—An appeal must be taken by serving on the adverse party and filing with the clerk of the court in which the judgment or order appealed from is entered a notice, in writing, signed by the appellant or his attorney, stating the appeal from the same and whether the appeal is from the whole or a part thereof, and if from a part only, specifying the part appealed from."

■ Was the City an adverse party within the meaning of this statute? The term "adverse party" includes every party whose interest in the subject matter is adverse to or will be adversely affected by a reversal or modification of the judgment appealed from. Crouch v. Dakota, W. & M. R.R. Co., 1908, 22 S.D. 263, 117 N.W. 145; Millard v. Baker, 1957, 76 S.D. 529, 81 N.W.2d 892; Morrell Livestock Company v. Stockman's Commission Co., 1957, 77 S.D. 114, 86 N.W.2d 533.

The Nauseds urge that a reversal or modification of the judgment relating to the leasehold interest of Sioux Brake would adversely affect the City because if the judgment were reversed and the market value of the leasehold interest were determined to be greater than the rental figure of $225 a month, then the award made by the trial court to the Nauseds would be affected thereby, since the trial court viewed the rental figure of $225 a month as the basis for that portion of the award made to said respondents.

It is true as pointed out in State Board of Higher Education v. Stewart, 1963, 236 Or.386, 388 P.2d 113:

"that the appraisal of leases is a complex process presenting even greater difficulties of evaluation than those found in appraising full ownership."

In cases involving leasehold interests the measure of damages is well settled to be the value of the unexpired term of the lease less the rent reserved. Bales v. Wichita Midland Valley R. Co., 1914, 92 Kan. 771, 141 P. 1009 at 1011; Interstate Finance Corporation v. Iowa City, 260 Iowa 270, 149 N.W.2d 308; Anno. 3 A.L.R. 2d 286, 291; State Highway Commission v. Foye, 1973, S.D., 205 N.W.2d 100.

As was pointed out in the above cases, the market value of the unexpired term should be allowed, taking into consideration as elements of value the situation, condition, and use made, or that may be made, of the premises, and the nature and prosperity of the business carried on there.

Therefore, it affirmatively appears that the liability of the City could be affected by a reversal or modification of the judgment regarding the market value of the leasehold interest since by the terms of the stipulation the City expressly agreed that the sum being paid was without prejudice to any additional amounts finally adjudged to be just compensation.

Thus, the City is an adverse party within the meaning of SDCL 15-26-3, and since Sioux Brake failed to serve the City, Nauseds' motion to dismiss must be sustained.

WINANS and DUNN, JJ., concur.

BIEGELMEIER, C. J., and WOLLMAN, J., dissent.

BIEGELMEIER, Chief Justice (dissenting).

In this condemnation action the court entered a judgment vesting title to the real estate in the city. Then in accord with its findings of fact and conclusions of law, which found the value of the real estate to be $70,000 and the value of the immovable fixtures to be $4,982, it entered a judgment against the city in favor of Nauseds for $74,982 as just compensation for all damages, taking and appropriation of the property. In a separate paragraph it was adjudged that the defendant Sturdevant (who defaulted and did not appear) and defendant Sioux Brake and Equipment, Inc. "take nothing herein." In other words, not participate in the award.

In that posture, Sioux Brake appealed by a notice of appeal referring to the judgment but limited that appeal as follows: "that said appeal is not taken from the whole Judgment, but only from that part or portion of the Judgment adjudging that the defendant, Sioux Brake and Equipment, Inc., take nothing."

No question is raised or can be raised by anybody with reference to the amount of the award; it must stand, and even this court cannot reverse or alter that part of the judgment. Only part of the judgment is questioned and is in issue, and that is the division of the award between Nauseds and Sioux Brake; the city is not an adverse party and cannot be adversely affected by the reversal or modification of the judgment appealed from. An adverse party means one adverse in fact and law and not a party merely listed in the title who has no interest in the outcome.

The stipulation was not signed by any of the actual parties but only by their attorneys, including the attorney for the city. The record before this court does not show the city attorney had authority to bind the city by the stipulation of July 13, 1972. At that time the action had been terminated by the judgment. See Northwest Realty Co. v. Perez, 80 S.D. 62, 119 N.W.2d 114. If there is any liability of the city it is based on the stipulation and not under and by virtue of the judgment. That being the record, I dissent.

I am authorized to state that Justice WOLLMAN joins in this dissent.