CITY OF SIOUX FALLS, Plaintiff v. NAUSED, et al.,
Respondents

(218 N.W.2d 536)

(File No. 11245. Opinion filed June 3, 1974)

Willy, Pruitt, Matthews & Jorgensen, Roy E. Willy and Gene E. Pruitt, Sioux Falls, for defendants and respondents.

Blaine Simons, Sioux Falls, for defendant and appellant.

BIEGELMEIER, Chief Justice.

On the original submission of this appeal, majority and dissenting opinions were written which indicate the facts and differing viewpoints. The opinions are reported in 88 S.D. 14, 214 N.W.2d 74, where the majority directed the dismissal of the Sioux Brake appeal. A petition for rehearing was granted.

With additional facts hereafter added, an outline of the position and interests of the parties to the properties involved in this condemnation proceeding was set forth in Justice Doyle's opinion as follows:

"This appeal is from a judgment in a condemnation proceeding. The City of Sioux Falls, South Dakota (City), condemned the property owned by Walter H. Naused and Marianne D. Naused (Nauseds), consisting of Lots 1, 2, 3 and 4 of Detlie and Franberg's Subdivision, Sioux Falls, Minnehaha County, South Dakota. Lots 1, 2 and 3 had originally been leased to Morgan Wheel & Equipment Company of Omaha, Nebraska, for a period of ten years at a rental of $225 a month. This lease was subsequently assigned to Sioux Brake and Equipment Co. Inc. (Sioux Brake) and, at the time judgment was entered, the unexpired term of the lease was four years and four months. The defendant, Sturdevant's L & L Motor Supply, Inc., leased Lot 4 of said property, but made no appearance because its lease had expired at the time of trial.

"The trial court entered judgment for the Nauseds in the amount of $70,000 for the property and $4,982 for the immovable fixtures. The trial court held that the value of the lease held by Sioux Brake was equal to and no more than the monthly rental of $225, and that no damage accrued to them by virtue of the taking in the condemnation proceeding.

"Sioux Brake appeals from this judgment claiming that the trial court erred in arriving at its decision regarding the value of the lease."

For the reasons set forth in the dissenting opinion written on the original submission of this appeal, the motion to dismiss is denied and the appeal is disposed of on the merits. (Cf. State Highway Commission v. Foye, 1973, 87 S.D. 206, 205 N.W.2d 100.)

In its brief defendant Sioux Brake states:

"The sole question at issue relates to the value of the said lease held by the defendant and appellant,

Sioux Brake and Equipment Company, Inc., which, at the time of trial, had an unexpired term of four years and four months."

In State Highway Commission v. Foye, 1973, 87 S.D. 206, 205 N.W.2d 100, the just compensation for the taking was stipulated, and "the only issue was the apportionment between Foyes, owners of the property, and tenant Mobil Oil Company." The owners appealed from the trial judge's apportionment of the compensation. Different from the appeal at bar, the tenant there had the usual gasoline filling station facilities and equipment. Much of the court's opinion had to do with the improvements made by the tenant as they affected the value of its lease; however, the court in footnote 1 wrote as follows:

"The measure of damages in cases of this character is well settled to be the value of the unexpired term of the lease less the rent reserved. Bales v. Wichita Midland Valley R. Co., 92 Kan. 771, 141 P. 1009 at 1011; Interstate Finance Corporation v. Iowa City, 260 Iowa 270, 149 N.W.2d 308, and Annotation 3 A.L.R.2d 286, 291."

See also Pierson v. H. R. Leonard Furniture Co., 1934, 268 Mich. 507, 256 N.W. 529, 98 A.L.R. 244, and cases cited; State v. Platte Valley Public Power & Irrigation Dist., 1946, 147 Neb. 289, 23 N.W.2d 300, 166 A.L.R. 1196.

There was testimony by the general manager of Sioux Brake as to the availability of other properties, their distances from the subject property and the improvements that would be needed or desired. While he testified that the value of the Sioux Brake lease was $500 a month over its $225 rental, on two other occasions he testified that the fair, reasonable rental of the leased property was $225 per month. This was the rental Sioux Brake was paying. Indeed, the Sioux Brake brief admits "Mr. Eichman testified that $225.00 was a reasonable rent for the present property." Another witness, a realtor, testified rather thoroughly as to the property values, knew of the $2,700 annual rental cost of the property involved here, fixed its value on the basis of a "rounded" annual rental of $3,000, compared the lease with other leases in the area,

and testified that the $2,700 rental amount was comparable to that being paid in this general area.

Appellant Sioux Brake urges that the trial court erred in making comments as to the fair market value of the rental when the phrase used by one witness was "the fair, reasonable rental." As the action was tried to the court and not to a jury, we fail to see how this affects the court's findings. Incidentally, the court opinions cited use the phrases "rental value and rent reserved"; "fair market value of the leasehold"; "economic rental and contract rent"; "fair rental value", etc. In commenting on the measure of damages, Julius L. Sackman in an article titled "Compensation Upon The Partial Taking Of A Leasehold Interest", 1961, Institute on Eminent Domain, 35 at 49, states:

> "More accurately expressed, it is the difference between the fair rental value of the leased premises for the unexpired term of the lease and the rent reserved in the lease. Obviously, if the fair rental value is equal to or less than the rental provided for in the lease, the leasehold has no market value and the lessee has no compensable claim for damages."

Similarly, the court in State v. Platte Valley Public Power & Irrigation Dist., 147 Neb. 289, 23 N.W.2d 300, 166 A.L.R. 1196, wrote:

> "Where the rent reserved equals or exceeds the rental value, the lessee had suffered no loss and cannot recover."

Accord: City of Chicago v. Shayne, 46 Ill.App.2d 33, 196 N.E.2d 521, and Nichols on Eminent Domain, Rev.3d Ed., § 12.42 [3], n. 56.

 Proof of tenancy in the condemned premises is not necessarily proof of compensable loss. The burden is on the tenant to prove that the fair market value of his lease is greater than the rent reserved. New Jersey Highway Authority v. J. & F. Holding Co., 40 N.J.Super. 309, 123 A.2d 25; City of Ashland v. Kittle, Ky., 347 S.W.2d 522.

█ We conclude that the findings of the trial court find support in the evidence, that they are not clearly erroneous and, therefore, cannot be set aside. State Highway Commission v. Foye, 87 S.D. 206, 205 N.W.2d 100.

Affirmed.

WINANS and WOLLMAN, JJ., concur.

DOYLE and DUNN, JJ., concur in part and dissent in part.

DOYLE, Justice (concurring in part and dissenting in part).

Since the result reached by the majority is in effect the same on rehearing as that of the original opinion, City of Sioux Falls v. Naused, 1974, 88 S.D. 14, 214 N.W.2d 74, I concur. However, I still adhere to my original opinion in that a decision on the merits of this case ignores SDCL 15-26-3.

I am authorized to state that Justice DUNN is in accord with my position.