Paul LONG, Plaintiff and Appellant,

v.

KNIGHT CONSTRUCTION COMPANY, INC., a Corporation, Webster, South Dakota, Defendant and Respondent.

No. 12134.

Supreme Court of South Dakota.

Feb. 8, 1978.

Rehearing Denied March 10, 1978.

Charles E. Gorsuch, Aberdeen, for plaintiff and appellant.

Leon Vander Linden of Holland, Delaney & Vander Linden, Webster, for defendant and respondent.

PORTER, Justice.

After a bench trial, the circuit court rendered judgment denying plaintiff's complaint for injunctive relief and awarding defendant $6,939.94 on its counterclaim.

Judgment was signed by the court on October 22, 1976, and filed and attested by the clerk on October 27, 1976. On October 28, 1976, defendant's counsel gave written notice of entry of judgment to plaintiff's attorney of record and also to plaintiff, by mailing. The time for appeal by plaintiff from the judgment commenced no later than November 1, 1976,[1] that being the first day of the sixty-day period allowed by law for an appeal from the judgment. SDCL 15–26–2.

Plaintiff-appellant filed notice of appeal from the judgment on December 29, 1976, with the clerk of the trial court. On December 31, 1976, appellant served notice of appeal upon defendant-respondent's attorney of record.[2] The statutory time for appeal expired December 30, 1976, the notice of appeal was served after that time, and the appeal was therefore not taken within the time for appeal allowed by law.

SDCL 15–26–6 provides in pertinent part: "The appeal shall be deemed taken by the service and filing of the notice of appeal . . . ." SDCL 15–26–2 requires that "an appeal from the judgment must be taken within sixty days after the judgment shall be signed, attested, filed and written notice of entry thereof shall have been given to the adverse party."

Plaintiff-appellant's failure to serve notice of appeal upon defendant-respondent before the time for taking an appeal expired is fatal to the appeal. *Morrell Livestock Co. v. Stockman's Commission Co.*, 77 S.D. 114, 86 N.W.2d 533 (1957); *City of Sioux Falls v. Naused*, S.D., 214 N.W.2d 74 (1974); *Millard v. Baker*, 76 S.D. 529, 81 N.W.2d 892 (1957); *and see Commercial Serv. Corp. v. L. Paulle-Midway F. & S. C.*

---

1. We assume, without deciding, that notice of entry of judgment served by mail is not complete in this instance until the expiration of three days following the day of mailing. SDCL 15–6–6(e).

2. The notice of appeal was served personally on respondent's counsel on December 31, 1976, by the sheriff of Day County.

*Co.,* 75 S.D. 409, 66 N.W.2d 523 (1954). This court is without jurisdiction of an untimely appeal. *Federal Land Bank of Omaha v. LeMars Mut. Ins. Co.,* 65 S.D. 143, 272 N.W. 285 (1937); *State v. Devine,* S.D., 257 N.W.2d 606 (1977).

The record contains a written stipulation between present counsel extending to January 7, 1977, the time within which appellant may appeal to this court. It has long been settled that a stipulation of the parties will not confer upon this court jurisdiction of an appeal. *Chamberlain v. Hedger,* 10 S.D. 290, 73 N.W. 75 (1897); *see also In the Matter of the Opening of Gold Street, Deadwood v. Newton,* 2 Dak. 39, 3 N.W. 311 (1879).

█ The appellate jurisdiction of this court will not be presumed but must affirmatively appear from the record. *State v. Hare,* S.D., 260 N.W.2d 224 (1977), citing *Valley Land & Irrigation Co. v. Schone,* 2 S.D. 344, 50 N.W. 356 (1891). This court is required to take notice of jurisdictional questions, whether presented by the parties or not. *State v. Hare, supra.*

This appeal was scheduled to be orally argued on February 16, 1978. Our rules provide that "upon unanimous consent of the justices qualified to hear the case" oral argument may be dispensed with in any case, even though request for oral argument has been made. SDCL 15–26–23.1. For the reasons given in this opinion, we deny oral argument and dismiss the appeal.

All the Justices concur.